#21-026 EEM/SBR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS- EASTERN DIVISION

| | | |
|---|---|---|
| DELAIDA COLIN & RODRIGO REYES individually and as parents of BELLA REYES, a minor | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 23-cv-14492 |
| Vs. | ) ) ) | |
| THE UNITED STATES OF AMERICA, and RESILIENCE HEALTHCARE-WEST SUBURBAN MEDICAL CARE, LLC, WEST SUBURBAN MEDICAL CENTER, CLAIRE MICHELSEN, CNM and WEST SUBURBAN MIDWIFE ASSOCIATES, LTD. | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT AT LAW**

**COUNT I – MEDICAL NEGLIGENCE-THE UNITED STATES OF AMERICA**

NOW COMES the Plaintiffs, ADELIDA COLIN and RODRIGO REYES, individually and as parents of BELLA REYES, a minor, by and through their attorneys, RUBIN & MACHADO, LTD. and complaining of the Defendant, THE UNITED STATES OF AMERICA, allege as follows:

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2680 *et. seq.,* over which exclusive jurisdiction is vested in the federal courts based on 28 U.S.C. § 1346(b).

2. At all relevant times herein, specifically, on or before May 30, 2016, the Plaintiff, ADELIDA COLIN, was a patient of PCC COMMUNITY WELLNESS CENTER an Illinois not for profit corporation that includes multiple clinics, including the PCC COMMUNITY

1

WELLNESS CENTER at AUSTIN FAMILY HEALTH CENTER, PCC COMMUNITY WELLNESS CENTER at WEST SUBURBAN MEDICAL CENTER, PCC AUSTIN FAMILY HEALTH CENTER, and PCC MELORSE PARK FAMLLY HEALTH CENTER (hereinafter referred to as "PCC WELLNESS CENTER").

3.  At all times relevant herein PCC WELLNESS CENTER was a Federally Qualified Health Center (FQHC) and was providing medical care and services in City of Chicago, State of Illinois.

4.  At all times relevant herein, the Defendant, THE UNITED STATES OF AMERICA, operated PCC WELLNESS CENTER as a clinic and/or health care center providing medical care, prenatal, obstetric and nursing services in the City of Chicago, State of Illinois.

5.  At all times relevant herein, the Defendant, THE UNITED STATES OF AMERICA, through PCC WELLNESS CENTER, was to provide professional medical, prenatal, obstetric and nursing care and treatment to the Plaintiff, ADELIDA COLIN, including maintenance, personal care and medical care.

6.  At all relevant times herein, the Defendant, THE UNITED STATES OF AMERICA, through PCC WELLNESS CENTER, YESENIA ARCE M.D., GITANJI SIVASUBRAMANIAM, M.D., MARCIE RICHMOND, M.D., LINDSEY KURD WOOD M.D., C. MICHELSEN, CNM, were employed by the UNITED STATES OF AMERICA and held themselves out as a duly licensed physicians, surgeons and midwives in the State of Illinois and specialists in obstetrics and gynecology.

7.  At all times relevant herein, the Defendant, THE UNITED STATES OF AMERICA, through PCC WELLNESS CENTER, employed the above physicians and others

2

including obstetric specialists, midwives, technicians and nurses trained to provide prenatal, maternal and health care to women delivering babies.

8. At all times relevant herein, it was the duty of Defendant, THE UNITED STATES OF AMERICA, through PCC WELLNESS CENTER, by and through their agents, servants and/or employees to exercise reasonable care in providing medical, nursing and care and treatment to the Plaintiff, ADELIDA COLIN.

9. The Defendant, THE UNITED STATES OF AMERICA, through PCC WELLNESS CENTER, by and through its agents, apparent agents, servants, and/or employees, including its physicians breached its aforesaid duty to the Plaintiff in one or more of the following ways:

(a) Failed to properly treat and manage gestational diabetes during the pregnancy;

(b) Failed to properly assess and appreciate prenatal risk factors at the time of the pregnancy and labor;

(c) Failed to appropriately consider the risk of fetal macrosomia in a gestational diabetic mother and consult with ADELIDA COLIN regarding the option of an emergent cesarean delivery;

(d) Failed to provide appropriate informed consent regarding the risks of macrosomia, shoulder dystocia and failure to progress which can be eliminated with planned cesarean delivery;

(e) Failed to intervene and manage the labor properly so as to avoid shoulder dystocia, including but not limited to the use of a timely and appropriate episiotomy;

(f) Allowed a prolonged shoulder dystocia (12 minutes or more) to occur without performing a timely and appropriate episiotomy to facilitate delivery of Bella Reyes, a minor;

(g) Failed to timely call a Shoulder Dystocia Emergency and failed to call in OB-GYN in a timely manner during the labor;

3

  (h)  Otherwise breached the applicable standards of care in the management of the labor of ADELIDA COLIN.

10. As a direct and proximate result of one or more of the aforementioned breaches of the applicable standard of care by Defendant, THE UNITED STATES OF AMERICA, through PCC WELLNESS CENTER, by and through its employees, agents, apparent agents and/or servants, the minor Plaintiff, BELLA REYES, was severely and permanently injured in that she suffered shoulder dystocia and neurologic injuries including Hypoxic Ischemic Encephalopathy and brain injury and; that the aforesaid acts did directly and proximately cause or contribute to cause brain injury, shoulder dystocia and Erbs Palsy to BELLA REYES, a minor; that the minor Plaintiff BELLA REYES did sustain great pain and suffering and disability and disfigurement and loss of a normal life as a result of said injuries as well as lost future income and compensation throughout her life time due to the injuries suffered and the need for future medical and attendant care costs for her lifetime..

11. Pursuant to 735 ILCS 5/2-622(a) of the Illinois Code of Civil Procedure, Plaintiff attaches the Affidavit of Emilio E. Machado, which by reference is made a part hereof.

WHEREFORE, Plaintiffs, ADELIDA COLIN and RODRIGO REYES, individually and as parent of BELLA REYES, a minor, demand judgment against the Defendant, THE UNITED STATES OF AMERICA, in a sum in excess of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00) and costs of suit.

### COUNT II – FAMILY EXPENSE ACT (THE UNITED STATES OF AMERICA)

1. through 11. Plaintiffs adopt and reallege Paragraphs One through Eleven inclusive of Count I as and for Paragraphs One through Eleven inclusive of Count II, as though fully set forth herein and incorporate the same by reference.

4

12. The Plaintiffs, ADELIDA COLIN and RODRIGO REYES are the parents of the minor Plaintiff, BELLA REYES.

13. In endeavoring to assist the minor plaintiff in becoming healed and cured of the aforesaid injuries, medical expenses were incurred, and will continue in the future be incurred, on behalf of the Minor Plaintiff, BELLA REYES, by ADELIDA COLIN and RODRIGO REYES.

14. At the time of the occurrence alleged herein, there existed in the State of Illinois a Statute known as the Family Expense Act, 750 ILCS 65/15, and Plaintiffs, ADELIDA COLIN and RODRIGO REYES, hereby make a claim for medical expenses they have incurred, and will in the future incur, on behalf of the Minor Plaintiff, BELLA REYES pursuant to the aforesaid statute.

WHEREFORE, Plaintiffs, ADELIDA COLIN and RODRIGO REYES, as parents of the minor plaintiff, BELLA REYES demand judgment against the Defendant, THE UNITED STATES OF AMERICA, in a sum in excess of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00) and costs of suit.

### COUNT III – MEDICAL NEGLIGNECE - RESILIENCE HEALTHCARE-WEST SUBURBAND MEDICAL CENTER, LLC and WEST SUBURBAN MEDICAL CENTER

1. through 10. Plaintiffs adopt and reallege Paragraphs One through Ten inclusive of Count I as and for Paragraphs One through Ten inclusive of Count III, as though fully set forth herein and incorporate the same by reference.

11. This action is brought as a related action against Defendants RESILIENCE HEALTHCARE-WEST SUBURBAN MEDICAL CENTER, LLC and WEST SUBURBAN MEDICAL CENTER, to the Federal Tort Claims action.

12. Defendant, RESILIENCE HEALTHCARE-WEST SUBURBAN MEDICAL CENTER, LLC and WEST SUBURBAN MEDICAL CENTER, are medical corporations that provide medical and obstetric care and services to its patients by and through its agents,

5

employees, servants and/or apparent agents, including, but not limited to nurses, midwives, residents, fellows, attending physicians and other health care providers in a hospital commonly known as WEST SUBURBAN MEDICAL CENTER in Oak Park, Illinois.

13.     On or about February 16, 2021, ADELIDA COLIN was assigned attending physician, nurses, midwives, residents, fellows and other health care providers, when she was admitted to WEST SUBURBAN MEDICAL CENTER for labor and delivery.

14.     On or about February 16, 2021, and at all relevant times before and thereafter, WEST SUBURBAN MEDICAL CENTER administered a family practice residency program which trained physicians and other health professionals in obstetrics and cared for patients of PCC WELLNESS CENTER located on the hospital premises and at other locations in the Chicagoland area.

15.     On or about February 16, 2021, and at all relevant times before and thereafter, YESENIA ARCE M.D., GITANJI SIVASUBRAMANIAM, M.D., MARCIE RICHMOND, M.D., LINDSEY KURD WOOD M.D., C. MICHELSEN, CNM and other healthcare professionals who attended the labor and delivery of ADELEIDA COLIN were agents, apparent agents, employees, and/or servants of Defendants RESILIENCE HEALTHCARE-WEST SUBURBAN MEDICAL CENTER, LLC and/or WEST SUBURBAN MEDICAL CENTER.

16.     On or about February 16, 2021 and at all relevant times before and thereafter, the labor and delivery team including nurses, residents, fellows, midwives, technicians and physicians who assisted in the labor and delivery of ADELIDA COLIN with the birth of her child BELLA REYES were each an agent, apparent agent, employee, or servant of Defendants RESILIENCE HEALTHCARE, LLC and/or WEST SUBURBAN MEDICAL CENTER.

17. On or about February 16, 2021 and at all relevant times before or thereafter, Defendants, RESILIENCE HEALTHCARE-WEST SUBURBAN MEDICAL CENTER, LLC and WEST SUBURBAN MEDICAL CENTER, by and through its agents, apparent agents, employees and servants owed Plaintiff a duty to possess and apply the knowledge and use the skill and care ordinarily used by obstetrics and gynecology doctors, nurses and midwives in similar circumstances involving the treatment of patients.

18. On or about February 16, 2021 and at all relevant times thereafter, Defendants RESILIENCE HEALTHCARE-WEST SUBURBAN MEDICAL CENTER, LLC. and, WEST SUBURBAN MEDICAL CENTER, by and through its agents, apparent agents, employees and servants, including its on duty nurses, residents, fellows, technicians and physicians were negligent in its care and treatment of Plaintiffs in one or more of the following reasons:

(a) Failed to properly treat and manage gestational diabetes during the pregnancy;

(b) Failed to properly assess and appreciate prenatal risk factors at the time of the pregnancy and labor;

(c) Failed to appropriately consider the risk of fetal macrosomia in a gestational diabetic mother and consult with ADELIDA COLIN regarding the option of an emergent cesarean delivery;

(d) Failed to provide appropriate and proper informed consent regarding the risks of macrosomia, shoulder dystocia and failure to progress which can be eliminated with planned cesarean delivery;

(e) Failed to intervene and manage the labor properly so as to avoid shoulder dystocia, including but not limited to the use of a timely and appropriate episiotomy;

(f) Allowed a prolonged shoulder dystocia (12 minutes or more) to occur without performing a timely and appropriate episiotomy to facilitate delivery of Bella Reyes, a minor;

    (g)    Failed to timely call a Shoulder Dystocia Emergency in a timely manner and failed to call in OB-GYN physicans in a timely manner during the labor;

    (h)    Failed to properly institute or follow hospital policies, procedures and protocols in cases of emergency shoulder dystocia and or failed to administer sufficient numbers of shoulder dystocia drills and simulations to avoid delays in the performance of maneuvers and resolve shoulder dystocia emergencies such as the one that occurred to the Plaintiff on February 16, 2021

    (i)    Failed to relieve and avoid a shoulder dystocia lasting 12 minutes by delaying implementation of appropriate maneuvers.

    (j)    Otherwise breached the applicable standards of care in the management of the labor of ADELIDA COLIN.

19. As a direct and proximate result of one or more of the aforementioned breaches of the applicable standard of care by Defendants RESLIENCE HEALTHCARE-WEST SUBURBAN MEDICAL CENTER, LLC and WEST SUBURBAN MEDICAL CENTER by and through its employees, agents, apparent agents and/or servants, the minor Plaintiff BELLA REYES was severely and permanently injured in that she suffered both physical and neurologic injuries; that the aforesaid acts did directly and proximately caused or contribute to cause Hypoxic Ischemic Encephalopathy, permanent shoulder dystocia or Erbs palsy, brain injury, and Cerebral Palsy to BELLA REYES ; that the minor Plaintiff Bella Reyes did sustain great suffering and pain disability and disfigurement and loss of a normal life as a result of said injuries as well as lost income and compensation throughout her life time due to the injuries suffered and the need for future medical and attendant care costs for her lifetime.

20. Pursuant to 735 ILCS 5/2-622(a) of the Illinois Code of Civil Procedure, Plaintiffs attach the Affidavit Emilio E. Machado, which by reference is made a part hereof.

WHEREFORE, Plaintiff ADELEIDA COLIN, Individually, and as Mother of BELLA REYES, a minor, prays this Honorable court for Judgment against the Defendants

RESILIENCE HEALTHCARE-WEST SUBURBAN MEDICAL CENTER, LLC and WEST SUBURBAN MEDICAL CENTER, in such sum of money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and costs of suit.

### COUNT IV – FAMILY EXPENSE ACT - WEST SUBURBAND MEDICAL CENTER, LLC and WEST SUBURBAN MEDICAL CENTER

1. through 20.  Plaintiffs adopt and reallege Paragraphs One through twenty-two inclusive of Count III as and for Paragraphs One through twenty-two inclusive of Count IV, as though fully set forth herein and incorporate the same by reference.

21. The Plaintiffs, ADELIDA COLIN and RODRIGO REYES are the parents of the minor Plaintiff, BELLA REYES.

22. In endeavoring to assist the minor plaintiff in becoming healed and cured of the aforesaid injuries, medical expenses were incurred, and will continue in the future be incurred, on behalf of the Minor Plaintiff, BELLA REYES, by ADELIDA COLIN and RODRIGO REYES.

23. At the time of the occurrence alleged herein, there existed in the State of Illinois a Statute known as the Family Expense Act, 750 ILCS 65/15, and Plaintiffs, ADELIDA COLIN and RODRIGO REYES, hereby make a claim for medical expenses they have incurred, and will in the future incur, on behalf of the Minor Plaintiff, BELLA REYES pursuant to the aforesaid statute.

WHEREFORE, Plaintiffs, ADELIDA COLIN and RODRIGO REYES, as parents of the minor plaintiff, BELLA REYES demand judgment against the Defendants RESLIENCE HEALTHCARE-WEST SUBURBAN MEDCIAL CENTER, LLC and WEST SUBURBAN MEDICAL CENTER, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and costs of suit.

**COUNT V – MEDICAL NEGLIGENCE – CLAIRE MICHELSEN, CNM and WEST SUBURBAN MIDWIFE ASSOCIATES, LTD.**

1. through 10. Plaintiffs adopt and reallege Paragraphs One through Ten inclusive of Count I as and for Paragraphs One through Ten inclusive of Count V, as though fully set forth herein and incorporate the same by reference.

11. This action is brought as a related action against Defendants, CLAIRE MICHELSEN, CNM and WEST SUBURBAN MIDWIFE ASSOCIATES, LTD, to the Federal Tort Claims action.

13. Defendant, CLAIRE MICHELSEN, CNM, is an Advanced Practice Midwife, licensed in the state of Illinois.

14. WEST SUBURBAN MIDWIFE ASSOCIATES, LTD. is a medical corporation that providing medical and obstetric care and services to its patients by and through its agents, employees, servants and/or apparent agents, including, but not limited to CLAIRE MICHELSEN, CNM, in a hospital commonly known as WEST SUBURBAN MEDICAL CENTER in Oak Park, Illinois.

15. On or about February 16, 2021, ADELIDA COLIN was assigned attending physician, nurses, midwives, residents, fellows and other health care providers, when she was admitted to WEST SUBURBAN MEDICAL CENTER for labor and delivery.

16. On or about February 16, 2021, and at all relevant times before and thereafter, DEFENDANT, CLAIRE MICHELSEN, CNM and other healthcare professionals who attended the labor and delivery of ADELEIDA COLIN were agents, apparent agents, employees, and/or servants of Defendant, WEST SUBURBAN MIDWIFE ASSOCIATES, LTD.

17. On or about February 16, 2021 and at all relevant times thereafter, Defendant, CLAIRE MICHELSEN, CNM, Independently, and as an agent, servant or employee of

Defendant, WEST SUBURBAN MIDWIFE ASSOCIATES, LTD. was negligent in her care and treatment of Plaintiffs in one or more of the following reasons:

(a) Failed to properly treat and manage gestational diabetes during the pregnancy;

(b) Failed to properly assess and appreciate prenatal risk factors at the time of the pregnancy and labor;

(c) Failed to appropriately consider the risk of fetal macrosomia in a gestational diabetic mother and consult with ADELIDA COLIN regarding the option of an emergent cesarean delivery;

(d) Failed to provide appropriate and proper informed consent regarding the risks of macrosomia, shoulder dystocia and failure to progress which can be eliminated with planned cesarean delivery;

(e) Failed to intervene and manage the labor properly so as to avoid shoulder dystocia, including but not limited to the use of a timely and appropriate episiotomy;

(f) Allowed a prolonged shoulder dystocia (12 minutes or more) to occur without performing a timely and appropriate episiotomy to facilitate delivery of Bella Reyes, a minor;

(g) Failed to timely call a Shoulder Dystocia Emergency in a timely manner and failed to call in OB-GYN physicians in a timely manner during the labor;

(h) Failed to properly institute or follow hospital policies, procedures and protocols in cases of emergency shoulder dystocia and or failed to administer sufficient numbers of shoulder dystocia drills and simulations to avoid delays in the performance of maneuvers and resolve shoulder dystocia emergencies such as the one that occurred to the Plaintiff on February 16, 2021

(ii) Failed to relieve and avoid a shoulder dystocia lasting 12 minutes by delaying implementation of appropriate maneuvers.

(j) Otherwise breached the applicable standards of care in the management of the labor of ADELIDA COLIN.

18. As a direct and proximate result of one or more of the aforementioned breaches of the applicable standard of care by Defendants, CLAIRE MICHELSEN, CNM and WEST

11

SUBURBAN MIDWIFE ASSOCIATES, LTD., the minor Plaintiff BELLA REYES was severely and permanently injured in that she suffered both physical and neurologic injuries; that the aforesaid acts did directly and proximately caused or contribute to cause Hypoxic Ischemic Encephalopathy, permanent shoulder dystocia or Erbs palsy, brain injury, and Cerebral Palsy to BELLA REYES ; that the minor Plaintiff Bella Reyes did sustain great suffering and pain disability and disfigurement and loss of a normal life as a result of said injuries as well as lost income and compensation throughout her life time due to the injuries suffered and the need for future medical and attendant care costs for her lifetime.

19. Pursuant to 735 ILCS 5/2-622(a) of the Illinois Code of Civil Procedure, Plaintiffs attach the Affidavit Emilio E. Machado, which by reference is made a part hereof.

WHEREFORE, Plaintiff ADELEIDA COLIN, Individually, and as Mother of BELLA REYES, a minor, prays this Honorable court for Judgment against the Defendants, CLAIRE MICHELSEN, CNM and WEST SUBURBAN MIDWIFE ASSOCIATES, LTD., in such sum of money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and costs of suit.

### COUNT VI – FAMILY EXPENSE ACT – CLAIRE MICHELSEN, CNM AND WEST SUBURBAN MIDWIFE ASSOCIATES, LTD.

1. through 19. Plaintiffs adopt and reallege Paragraphs One through nineteen inclusive of Count V as and for Paragraphs One through nineteen inclusive of Count VI, as though fully set forth herein and incorporate the same by reference.

20. The Plaintiffs, ADELIDA COLIN and RODRIGO REYES are the parents of the minor Plaintiff, BELLA REYES.

21. In endeavoring to assist the minor plaintiff in becoming healed and cured of the aforesaid injuries, medical expenses were incurred, and will continue in the future be incurred, on behalf of the Minor Plaintiff, BELLA REYES, by ADELIDA COLIN and RODRIGO REYES.

12

22. At the time of the occurrence alleged herein, there existed in the State of Illinois a Statute known as the Family Expense Act, 750 ILCS 65/15, and Plaintiffs, ADELIDA COLIN and RODRIGO REYES, hereby make a claim for medical expenses they have incurred, and will in the future incur, on behalf of the Minor Plaintiff, BELLA REYES pursuant to the aforesaid statute.

WHEREFORE, Plaintiffs, ADELIDA COLIN and RODRIGO REYES, as parents of the minor plaintiff, BELLA REYES demand judgment against the Defendants CLAIRE MICHELSEN, CNM and WEST SUBURBAN MIDWIFE ASSOCIATES, LTD, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and costs of suit.

Respectfully submitted,

_____
By: Emilio E. Machado
Stephanie B. Rubin
RUBIN & MACHADO, LTD.
Attorneys for Plaintiff
ADELIDA COLIN & RODRIGO REYES
individually and as parents of BELLA REYES, a minor
230 W. Monroe Street - Suite 2530
Chicago, IL 60606
(312) 327-1840
ARDC No. 6189279
RMRFiling@rubin-machado.com
emachado@rubin-machado.com

13

#21-026  EEM/SBR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS- EASTERN DIVISION

| | | |
|---|---|---|
| DELAIDA COLIN & RODRIGO REYES individually and as parents of BELLA REYES, a minor | ) ) ) ) | |
| Plaintiffs, | ) ) | No.  23-cv-14492 |
| Vs. | ) ) | |
| THE UNITED STATES OF AMERICA, and RESILIENCE HEALTHCARE-WEST SUBURBAN MEDICAL CARE, LLC, WEST SUBURBAN MEDICAL CENTER, CLAIRE MICHELSEN, CNM and WEST SUBURBAN MIDWIFE ASSOCIATES, LTD. | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)**

Pursuant to Supreme Court Rule 222(B), counsel for the above-named plaintiff certifies that plaintiff seeks money damages in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00).

Respectfully submitted,

_____
By: Emilio E. Machado
RUBIN & MACHADO, LTD.
Attorneys for Plaintiff
ADELIDA COLIN & RODRIGO REYES
individually and as parents of BELLA REYES, a minor
230 W. Monroe Street - Suite 2530
Chicago, IL 60606
(312) 327-1840
ARDC No. 6189279
RMRFiling@rubin-machado.com
emachado@rubin-machado.com

14

#21-026  EEM/SBR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS- EASTERN DIVISION

| | | |
|---|---|---|
| DELAIDA COLIN & RODRIGO REYES individually and as parents of BELLA REYES, a minor | ) ) ) ) | |
| Plaintiffs, | ) ) | No.  23-cv-14492 |
| Vs. | ) ) ) | |
| THE UNITED STATES OF AMERICA, and RESILIENCE HEALTHCARE-WEST SUBURBAN MEDICAL CARE, LLC, WEST SUBURBAN MEDICAL CENTER, CLAIRE MICHELSEN, CNM and WEST SUBURBAN MIDWIFE ASSOCIATES, LTD. | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**2-622 AFFIDAVIT**

The affiant EMILIO E. MACHADO, being first duly sworn on oath, deposes and states as follows:

1.  The affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes:  (i)  is knowledgeable in the relevant issues involved in the particular action;  (ii) practices within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and  (iii) is qualified by experience  or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

15

2. The aforesaid consultation applies to the care and treatment provided to the Plaintiff, ADELIDA COLIN & RODRIGO REYES individually and as parents of BELLA REYES, a minor, by the Defendants, THE UNITED STATES OF AMERICA.

3. This Affidavit is provided pursuant to 735 ILCS 5/2-622(a).

FURTHER AFFIANT SAYETH NOT.

        Respectfully submitted,

        _____
        By: Emilio E. Machado
        RUBIN & MACHADO, LTD.
        Attorneys for Plaintiff
        ADELIDA COLIN & RODRIGO REYES
        individually and as parents of BELLA REYES, a minor
        230 W. Monroe Street - Suite 2530
        Chicago, IL 60606
        (312) 327-1840
        ARDC No. 6189279
        RMRFiling@rubin-machado.com
        emachado@rubin-machado.com

[x]    Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure I certify that the statements set forth herein are true and correct.

## **PHYSICIAN REPORT**

I am board certified in Obstetrics and Gynecology and I have over 40 years of clinical experience in the field. I am qualified by experience and training as an obstetrician and gynecologist, and I am familiar with the standard of care as to the management of pregnancies and delivery of children in 2021. I have reviewed the prenatal records of Adeleida Colin at PCC WELLNESS CENTER and the mother's labor and delivery records along with her baby Bella Reyes records at West Suburban Medical Center. I have also reviewed the medical records at Lurie Children's Hospital. I find that there were several departures from the standard of care in the management of her labor and delivery that likely caused anoxic brain injury to the child. This mother was subjected to a 12-minute shoulder dystocia of her child, yet not one of her attending physicians including Yesenia Arce M.D., other attendings or delivery care team cut a timely or appropriate episiotomy to deliver the posterior arm for nearly 11 minutes after the shoulder dystocia presented. The failure to cut a timely and proper episiotomy in an attempt to deliver a posterior arm in a mother experiencing a shoulder dystocia is basic obstetrical practice and failing to perform such an episiotomy in this context for 11 minutes is a gross departure from the standard of care that led to the fetus suffering deprivation of oxygen likely causative of permanent brain injury as the child was born with 000 APGAR scores, no neurological, respirations or cardiac activity or signs of life before resuscitation was complete and severe metabolic acidosis at birth. Other deviations from the standard of care during the management of the labor included the failure to appreciate and document the risk factors for shoulder dystocia during her labor, failure to consider and /or perform an emergent c-section, failure to timely call a Shoulder Dystocia Emergency, and failure to manage the labor in a manor to avoid/relieve shoulder dystocia. These deviations include the West Suburban Medical Center team that was assigned to this labor and delivery that included residents, nurses and midwives. West Suburban Medical Center surely had hospital policies, procedures and protocols that were designed to minimize the risk of shoulder dystocia to newborns during labor and delivery that may not have been followed as it is extremely rare to have 12-minute shoulder dystocia under these clinical circumstances. There is a meritorious basis for the filing of a case as against the hospital West Suburban Medical Center. The Lurie Children's Hospital records indeed confirm diagnosis of HIE, brain injury shown on MRI, gross and fine motor delays, brachial plexus palsy on the right side, and cerebral palsy. It is my opinion to a reasonable degree of medical certainty that there is a meritorious basis for the filing of a lawsuit as to the team involved in this child's delivery, including those attending to the mother's obstetric care at PCC WELLNESS CENTER, and its agents and employees, including but not limited to Yesenia Arce M.D. , Gitanji Sivasubramaniam, M.D., Marcie Richmond, M.D., Lindsey Kurdi-Wood, M.D., Claire. Michelsen, CNM, and others who were managing the labor and delivery of the child on February 16-17- 2021 including WEST SUBURBAN MEDICAL CENTER and WEST SUBURBAN MIDWIDE ASSOCIATES, LTD.